UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-24323-JEM

EMILIO PINERO,

    Plaintiff,
v.

FACCI OF MERRICK PARK, INC.,

    Defendants.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant, FACCI OF MERRICK PARK, INC., by and through undersigned counsel, hereby respond to Plaintiff's Motion for Attorneys' Fees and Costs [*DE #17*] and state:

### BACKGROUND

1. This was a simple case under the ADA for alleged physical barriers at Defendant's restaurant. No depositions were taken in this case. likewise, there was no motion practice in this case.

2. The docket shows that there has been a total of 19 docket entries to date. Of these docket entries, only six [DE's 1, 5, 10, 13, 15, and 17] were drafted by, or contributed to, by Plaintiff's counsel. These six documents consisted of a five-page, 17-paragraph form Complaint [DE #1], a one-page form Certificate of Other Affiliates [DE #5], a Joint Scheduling Report [DE #10], a Notice of Appearance [DE #13], a one-page Joint Stipulation of Dismissal [DE #15] and the subject motion [DE #17]

3. In addition, the case included a Notice of Rule 34 Inspection, Interrogatories, Requests for Production, and Requests for Admission, served by Plaintiff on February 4, 2019. No other discovery was propounded or engaged by from either side.

4. On April 16, 2019, a site inspection occurred.

5. On April 29, 2019, along with the post-inspection report, Plaintiff's counsel emailed the fee schedule for her expert (See, **Exhibit "A"**). There is no explanation how the $950.00 sought by Plaintiff and invoiced by the expert were arrived at. See, *DE #17-4*.

6. On July 16, 2019, the parties agreed to settle the matter.

7. For this little work, Plaintiff's counsel is, now, seeking almost $16,000.00 in fees and, what appears to be excessive costs.

## ATTORNEYS' FEES

### Memorandum of Law

a. **Legal Standard.**

The starting point for determining a "reasonable fee" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." See, *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). "The applicant bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates." *Id*. (citing *ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999). "Additionally, district courts are vested with authority to take into consideration such factors as it deems appropriate in determining the amount of reasonable attorney's fees to be awarded." *Id*. (internal citations and quotations omitted). "If applicants do not exercise billing judgment, courts are obligated to do it for them, and cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. *Id*. (citing *ACLU v. Barnes*, 168 F.3d at 428). "An entitlement to attorney's fees cannot be a *carte blanche* license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction." See, *Goss v. Killian Oaks House*

*of Learning,* 248 F. Supp. 2d at 1168 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416 (1978)).

    b. **Applicant Has Failed to Provide Adequate Evidence Supporting the Hours Worked And Rates Claimed.**

It falls to the applicant for attorney's fees to produce "evidence supporting the hours worked and rates claimed." See, *Hensley v. Eckerhart*, 461 U.S. at 433. "Such evidence should consist of more than the affidavit of the attorney performing the work." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) (quoting *Blum v. Stenson*, 465 U.S. 886, n.11 (1984)). Here, the only purported "evidence" that Plaintiff's attorney has submitted are their time sheets (DE #17-2 and 17-2). These documents are insufficient to show the reasonableness for the hourly rates sought or the amount of time billed by them. No engagement letter was attached to the Motion so that the Court could determine the correct hourly rate and no independent attorney has submitted an affidavit in support of the reasonableness of the amounts charged.

Accordingly, this Court should decline to accept applicant's evidence in support of the hourly rate sought or the amount of time spent.

    c. **The Hourly Rate Asked for Should Be Reduced.**

The rates requested for Plaintiff's attorneys should be reduced. Ms. Wasserman is requesting the hourly rate of $350.00. However, recent cases in this District have found a lower rate to be reasonable in challenged requests for attorneys with similar experience as Ms. Wasserman and in ADA cases. For instance, in *Access for the Disabled, Inc. v. Leder*, No. 02-60311-CIV-MARRA/SELTZER, 2008 U.S. Dist. LEXIS 131244, at *5 (S.D. Fla. Sep. 26, 2008), citing numerous other decisions awarding rates of $300 or less, the Court found that the

reasonable hourly rate for an attorney with similar qualifications as Ms. Wasserman's here was $250.00.

Defendant is not asking the Court to award the hourly rate of $250 for Ms. Wasserman's work. Defendant claims that the reasonable rate for her experience in this market is $300, not $350.00 – particularly given the relative simplicity of this matter and the lack of actual motion or trial practice involved.

As to Mr. Goldstein's requested hourly rate of $350.00, Plaintiff does not provide, in his application, any information regarding Mr. Goldstein's experience or qualification so that the Court or the Defendant can assess whether his requested hourly rate of $350.00 is reasonable. It should also be noted that Mr. Goldstein joined this lawsuit merely three weeks, approximately, before settlement was reached. With that in mind, Defendant does question whether this simple matter merited having two attorneys billing at a senior level rate for ADA cases in this legal community. Therefore, in the absence of any support and justification, and in light of Ms. Wasserman's work and charged rate, Defendant requests that Mr. Goldstein's rate be reduced to $250.00. There is no reason why a higher rate should be charged to the Defendants in this matter.

   d. **The Hours Worked Were Not Reasonably Expended by Plaintiff's Counsel.**

"In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." See, *Strickland v. Air Rescue Air Conditioning, Inc.*, No. 8:15-cv-1017-T-23AEP, 2016 U.S. Dist. LEXIS 196194, at *3 (M.D. Fla. Aug. 25, 2016) (citing *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 130); *Screen v. Clean Image of Miami, Inc.*, No. 10-21929-CIV, 2012 U.S. Dist. LEXIS 101609, 2012 WL 3001525, at *5 (S.D. Fla. July 23, 2012) ("In the private sector, 'billing judgment' is an

4

important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.")

Plaintiff's counsel's time entries are replete with billing for unknown items, items that are billed for secretarial work, work that was not done, and unnecessary duplicative work (by Mr. Goldstein).

The following is a list of specific objections to Plaintiff's counsel time entries:

**Lauren Wasserman**

- All entries that lack description due to "attorney client privilege," "Correspondence attorney client privilege," "Correspondence work product privilege," and "Work Product Privilege." Neither Defendant, nor the Court are able to discern what these entries are for, whether they include or do not include clerical work, or whether they are reasonable. Accordingly, the entirety of the 8.1 hours of these entries for Ms. Wasserman should be disallowed.

- All entries for clerical/secretarial work:

10/26/18 Correspondence with process server        0.20

11/1/18 Correspondence with process server         0.20

11/2/18 Correspondence with process server         0.10

12/12/18 Finalize for filing. Receipt and review of CM/ECF DE 10 JSR    0.10

2/4/19 Prepare draft Rule 34 and 2 emails          0.20

7/10/19 Finalize depo notice and 3 related emails with defense counsel   0.40

7/16/19 6 emails with Court Reporter RE: Forward notice of cancellation  0.60

Clerical work should not be compensated. See, e.g., *ADT LLC, v. Sec. Networks, LLC*, No. 12-81120-Civ-Hurley/Hopkins, 2018 U.S. Dist. LEXIS 5974, at *25 (S.D. Fla. Jan. 11,

5

2018) (citing *Key W. Tourist Dev. Ass'n v. Zazzle, Inc.*, 2013 U.S. Dist. LEXIS 201451, 2013 WL 12248141, at *7 (S.D. Fla. Jan. 9, 2013)) ("clerical work is not compensable as attorneys' fees.") that is because, "[N]ormally the cost of clerical work is a part of doing business and it is built into the hourly rates charged by and awarded to attorneys." *Manriquez v. Manuel Diaz Farms*, CASE NO. 00-1511-CIV-SEITZ/GARBER, 2002 U.S. Dist. LEXIS 9915, at *20-21 (S.D. Fla. May 23, 2002) Therefore, entries for preparation of notices and related emails, internal correspondence with the process server, docketing, or filing, or forwarding information to the client, for instance, should not be compensated.

- Work not done, excessive, or not necessary:

10/19/18 Review of prior lawsuits, ownership, reg agent etc.        0.50

A pacer and sunbiz research of the one Defendant should not take half an hour. 0.20 would be reasonable

6/28/19 Receipt and Review of DE #13 Re: Notice of Attorney Appearance        0.10

DE #13 was a notice of appearance of her own co-counsel. Ms. Wasserman should not be charging for receipt and review of her co-counsel's notice of appearance.

7/10/19 Research and Draft motion to compel        0.60

A motion to compel was never filed in this case.

7/16/19 Correspondence with Defendants office (6 email) RE: CONFIDENTIAL 0.60

A review of the email correspondence from 7/16/19 does not show that Ms. Wasserman emailed Defendants' counsel six separate emails on 7/16/19. She only emailed once (for the entry preceding this entry) Mr. Goldstein did email Defendant's counsel's office multiple emails that day and billed for it.

The total specifically objected to for Ms. Wasserman is 11.5 hours.

Based on these specific objections, Defendants submit that the Court should calculate the lodestar for Ms. Wasserman based on 19.8 (the requested 31.3 less 11.5) attorney hours.

**Glenn R. Goldstein**

As stated above, Mr. Goldstein was added by Plaintiff to this lawsuit on June 28, 2019 – almost three weeks before the case settled. Consequently, Mr. Goldstein's time entries are inflated because he had to "catch up" with the case once he appeared. Defendant should not pay for Plaintiff's counsel's choice to add Mr. Goldstein at the end of the case and for him to educate himself about the case, when Ms. Wasserman already had the knowledge that Mr. Goldstein was now obtaining.

> [r]edundant hours generally occur where more than one attorney represents a client. There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the doing the same work and are being compensated for the distinct contribution of each lawyer…**Thus, to recover time for multiple attorneys, the fee applicant bears the burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation**.

See, *Padurjan v. Aventura Limousine & Transp. Serv.*, No. 08-20128-CIV, 2009 U.S. Dist. LEXIS 111796, at *36-37 (S.D. Fla. Dec. 2, 2009) (citing *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999)) (Emphasis Added). Likewise, the inter office communications and conferrals between Mr. Goldstein and Ms. Wasserman, done solely for the convenience of Plaintiff, should not be compensated by the Defendant. See, e.g., *Jimenez v. Borman*, No. 16-24055-CIV, 2017 U.S. Dist. LEXIS 188459, at *7 (S.D. Fla. Nov. 14, 2017) ("Plaintiff counsel's practice of billing for meetings between attorneys in the same firm was unnecessary in this non-complex Fair Labor Standards Act case"). Further, as discussed above, Mr. Goldstein's unnecessary and clerical time entries should also not be compensated

Thus, the specific objections as to Mr. Goldstein are as follows:

7

| | |
|---|---|
| 6/28/19 Prepare and file Notice of Appearance | 0.3 |
| 6/28/19 Review Complaint, Answer & Affirmative Defenses, Rule 34 Report | 0.6 |
| 6/29/19 Review Disco (Plaintiff's outgoing discovery) | 0.2 |
| 6/29/19 Review Defendant's Responses to Disco and prepared initial notes for future research | 0.5 |
| 6/29/29 Review 04/02 correspondence from Plaintiff Counsel to Defense Counsel Regarding Boiler plate | 0.1 |
| 6/29/19 Meeting with LW to discuss case strategy | 0.3 |
| 7/3/19 Prepare for deposition (on 7/16/19 Lauren Wasserman also charged for preparation for deposition) | 2.7 |
| 7/3/19 Follow up with LW regarding Depo questions | 0.3 |
| 7/9/19 Coordinate deposition | 0.2 |
| 7/10/19 Email(s) w/ LW | 0.2 |
| 7/10/19 Reviewed and commented on draft Motion to Compel… (a motion to compel was never filed) | 0.8 |
| 7/11/19 Continued prep for deposition | 1.3 |
| 7/30/19 Reviewed email from OC Dallan V and LW and settlement drafts 3 emails containing redlines & edits (there is no indication that Mr. Goldstein had any substantive input on this process as it was done with Ms. Wasserman) | 0.3 |

All time entries post 7/30/19. Mr. Goldstein did not do any substantive work after the case was settled and his time entries simply show that he monitored what was being done by Ms.

8

Wasserman and the Defendant. These entries are nothing but clerical in nature and should not be compensated. The total time charged by Mr. Goldstein for these entries is 0.6

Thus, the total specifically objected to for Mr. Goldstein is 8.4 hours.

Based on these specific objections, Defendants submit that the Court should calculate the lodestar for Mr. Goldstein based on 4.8 (the requested 13.2 less 8.4) attorney hours.

e. **Adjustments to the Lodestar Amount.**

"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." See, *Norman v. Hous. Auth. of City of Montgomery*, 1292, 1302 (11th Cir. 1988). "[T]he Supreme Court has made plain that in determining reasonable attorney's fees, 'the most critical factor is the degree of success obtained.'" See, *Asbun v. Resende*, No. 15-61370-CIV-MARRA/MATTHEWMAN, 2016 U.S. Dist. LEXIS 132534, at *27 (S.D. Fla. Sep. 26, 2016); *Abreu v. Free Flow Constr., Inc.*, No. 18-20244, 2018 U.S. Dist. LEXIS 176050, at *7 (S.D. Fla. Oct. 11, 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 431, 434 (1983). "If a plaintiff's victory is limited, the lodestar should be reduced to reflect the limited result." *Id*. (citing *Norman*, 836 F.2d at 1302; *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350-51 (11th Cir. 2008) ("[A] downward adjustment to the lodestar is merited if the party was partially successful in its efforts.")) "Thus, a district court may reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained." *Id*. (citing *Martinez v. Hernando County Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014)) See also, *Asbun v. Resende*, No. 15-61370-CIV-MARRA/MATTHEWMAN, 2016 U.S. Dist. LEXIS 132534, at *27 (S.D. Fla. Sep. 26, 2016) ("Here, according to Plaintiff's Complaint, Plaintiff worked for Defendants for a grand total of 28 days and was owed $2,710 in back pay, plus an equivalent

amount in liquidated damages, for a total of $5,420. The case settled for $2,000, which is 37% of the amount sought. The fee award should, therefore, also be reduced due to limited success.") (citing *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, No. 08-61240-CIV, 2009 U.S. Dist. LEXIS 61057, 2009 WL 2143628, at *2 (S.D. Fla. July 16, 2009); *Reyes v. Falling Star Enter. Inc.*, Case No. 04—cv-1648—Orl—KRS, 2006 U.S. Dist. LEXIS 74617, 2006 WL 2927553 (M.D. Fla. Oct. 12, 2006)). See also, *Santos v. CCT Corp.*, No. 08-23563-CIV-KING/B, 2009 U.S. Dist. LEXIS 139292, (S.D. Fla. Dec. 18, 2009) (reducing the amount sought from $35,522.50 to $7,570.50 when an FLSA Plaintiff recovered a small fraction of his initial demand of $112,474.00); *Powell v. Carey Int'l, Inc.*, 547 F.Supp.2d 1281, 1297 (S.D. Fla. 1998) (lodestar reduced by 67% where plaintiffs recovered less than 2% of initial demand); *James v. Washington Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1352-4 (S.D. Fla. 2007); *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, 2009 U.S. Dist. LEXIS 61057, 2009 WL 2143628 (S.D. Fla. 2009) (lodestar reduced 78% based on minimal results).

Here, Defendant agrees that the lodestar should not be reduced, but also states that it should not be increased because none of the factors that would merit an increase are present.

## COSTS

Plaintiff's Motion is seeking reimbursement of $1,357.00 in Costs for the following items:

1. $400.00 filing fee
2. $70.00 Service of Process
3. $950.00 Expert Fees

Defendant does not object to the filing fee and service of process fee as reasonable and compensable. However, Defendant takes issue with the expert fee of $950.00 for two reasons.

First, Plaintiff has not provided any support to the Court for what the fee was for, whether it was reasonable, or regarding the qualifications of the purported expert. "Expert fees, like attorney fees, may be awarded in ADA cases, but only if a court determines that they are reasonable." See, *Barberi v. Miami Auto Experts, Inc.*, No. 17-cv-21218-CIV, 2018 U.S. Dist. LEXIS 43568, at *14 (S.D. Fla. Mar. 15, 2018) (citing *Guckenberger v. Boston Univ*., 8 F. Supp. 2d 91, 111-12 (D. Mass. 1998)) The burden is on the party seeking to recover fees to provide an adequate description and documentation to support the fees claimed. *Id*. at *15 (citing Webb v. Dyer County Board of Education, 471 U.S. 234, 242 (1985)) Because Plaintiff has failed to show why or how the requested expert fees were reasonable, it should be denied outright. *Id*. at *16.

Second, even if the Court were to award these fees, the amount sought is excessive. On April 29, 2019, after the conclusion of the inspection on April 16, 2019, and the submission of the report, Ms. Wasserman emailed Defendant's counsel's office with an attachment of a fee schedule charged by Square Feet Contractors, INC. See, **Exhibit "A"**. That submission listed the fee schedule at $700.00 – if all items are added. There is no explanation provided by the vendor, or by Plaintiff, why there was a charge of $950.00. there is no indication how long the expert spent at the site, whether the $100 travel time was applied or not and whether it was reasonable or how the amount of $950.00 was arrived at. From the submitted invoice, it appears as a complete arbitrary amount. Thus, the Court should disallow the requested amount.

## CONCLUSION

Attorneys have an obligation to exercise reasonable and sound billing judgment, should not waste time and resources on unnecessary and duplicative work, and should not artificially inflate fee requests in order to account for a later reduction by the Court.

11

The fees requested by Plaintiff show the lack of sound billing judgment – particularly for a matter that was largely uncontested from its inception and did not include any motion or trial practice and very limited amount of discovery before it concluded. Therefore, Defendant is requesting that the Court limit Plaintiff's fee award to $5,940.00 for Ms. Wasserman (19.8 x $300.00) and $1,200.00 for Mr. Goldstein (4.8 x $250)

Further, as to the requested costs, as explained above, Defendant requests that the cost award be reduced by $950.00 for the expert report or for failure to provide supporting evidence for the request, or ,at a minimum, by the $250.00 difference between the statement provided on April 29, 2020 and the request at this Motion, without any explanation for the difference.

Respectfully submitted, this 27th day of July, 2020.

        ADI AMIT, P.A.
*Attorneys for Defendants*
101 NE 3rd Avenue, Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
Fax: (954) 302-4963
E-mail:   adi@defnederofbusiness.com

By: *s/Adi Amit*
    Adi Amit, Esquire
    Florida Bar No. 35257

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 27, 2020, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s *Adi Amit*
Adi Amit, Esquire
Florida Bar No: 35257

**SERVICE LIST**

*Emilio Pinero v. Facci of Merrick Park, Inc.*
Case No. 1:18-cv-24323-JEM

Lauren N. Wassenberg, Esquire
LAUREN N. WASSENBERG
& ASSOCIATES, P.A.
1825 NW Corporate Drive
Suite 110
Boca Raton, FL 33431
wassenbergl@gmail.com
*Counsel for Plaintiff*

Glenn Goldstein, Esquire
Morales, Goldstein, & Barducci PLLC
150 SE 2nd Ave Ste 805
ggoldstein@g2legal.net
Miami, FL 33131-1574
*Counsel for Plaintiff*

Dallan Vecchio, Esquire
Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 NE Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
dallan@defenderofbusiness.com
adi@defenderofbusiness.com
*Counsel for Defendant*