**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-24323-CIV-MARTINEZ/AOR

EMILIO PINERO

      Plaintiff,
v.

FACCI OF MERRICK PARK, INC.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff Emilio Pinero's ("Plaintiff") Verified Application for Attorneys' Fees, Costs, and Expert Fees ("Motion for Fees and Costs") [D.E. 17]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 18]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Fees and Costs be GRANTED IN PART.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 19, 2018, Plaintiff filed this action against Defendant Facci of Merrick Park, Inc. ("Defendant"), pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181. See Complaint [D.E. 1]. Plaintiff sought injunctive relief in the form of access and barrier removal at Defendant's facility, The Villagio Restaurante, located at 260 San Lorenzo, Suite 1430, Coral Gables, Florida. Id. On September 12, 2019, the parties filed a Joint Stipulation of Dismissal [D.E. 15]; and on the same day, the Court entered a Final Order of

Dismissal with Prejudice, retaining jurisdiction to award Plaintiff's attorney's fees and costs [D.E. 16].

On November 11, 2019, Plaintiff filed his Motion for Fees and Costs, requesting an award of $15,575.00 in attorney's fees and $1,420.00 in taxable and non-taxable costs from Defendant. See Motion for Fees and Costs [D.E. 17].[1]  On July 7, 2020, the undersigned issued an Order to Show Cause as to why the Motion for Fees and Costs should not be granted due to Defendant's failure to file a timely response [D.E. 19].  On July 27, 2020, Defendant filed its Response in Opposition to Plaintiff's Motion for Fees and Costs ("Response") [D.E. 20]; and on August 30, 2020, Plaintiff filed his Reply to Defendant's Response ("Reply"), in which Plaintiff requested an additional award of $1,750.00 in attorney's fees for time spent drafting the Reply [D.E. 21].

## DISCUSSION

### 1. *Plaintiff's entitlement to attorney's fees and costs*

The ADA provides that "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." See 42 U.S.C. § 12205.  The award may include expert fees. See Houston v. S. Bay Investors No. 101, LLC, No. 13-80193-CV, 2013 WL 3874026, at *3 (S.D. Fla. July 25, 2013) (awarding expert fees under 42 U.S.C. § 12205).  Here, the parties entered into a Settlement Agreement that provided for the Court to retain jurisdiction "to enforce the terms of the Settlement Agreement and determine the reasonable amount of fees, costs and litigation expenses to be awarded to Plaintiff's attorneys[,]" and the Court did so. See Joint Stipulation of Dismissal [D.E. 15 at 1]; Final Order of Dismissal with Prejudice [D.E. 16 at 1].  Therefore, pursuant to the parties'

---

[1] Plaintiff's actual request for taxable and non-taxable costs is $1,357.00.  See Motion for Fees and Costs [D.E. 17 at 11].  However, that figure appears to be the result of a calculation error on the part of Plaintiff; therefore, the undersigned references the correct amount above.

stipulation, Plaintiff is entitled to recover his reasonable attorney's fees and costs under the ADA.

### 2. *Defendant's non-compliance with Local Rule 7.3*

In his Reply, Plaintiff argues that Defendant waived any objections to the time entries, hourly rates, costs and expenses set forth in the Motion for Fees and Costs when it failed to comply with the requirements of S.D. Fla. L.R. 7.3(b). See Plaintiff's Reply [D.E. 21 at 2]. Local Rule 7.3(b) provides:

> **(b) Good Faith Effort to Resolve Issues by Agreement.** Except as to any aspect of a fee claim upon which the parties agree, a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this paragraph's requirements.

S.D. Fla. L.R. 7.3(b).

Notwithstanding Defendant's non-compliance with Rule 7.3(b), Defendant did file its Response by the July 27, 2020 deadline prescribed in the undersigned's Order to Show Cause [D.E. 19, 20]. Moreover, the parties agreed that the Court would "determine the reasonable amount of fees, costs and litigation expenses to be awarded to Plaintiff's attorneys." See Joint Stipulation of [D.E. 15 at 1]. Therefore, the undersigned will consider Defendant's objections in making this reasonableness determination.

### 3. *Calculation of reasonable attorney's fees*

"The proper method for determining attorney's fees is to multiply a reasonable hourly rate by a reasonable number of hours expended." Nicaty v. Smarkusky, No. 18-63113-CIV, 2019 WL 2568838, at *2 (S.D. Fla. June 14, 2019) (citing Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997)). "The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates." Parness v. Piazza Benvenuto Ristorante, Pizzeria & Mkt., Inc., No. 08-61604-CIV, 2009 WL 1117362, at *1 (S.D. Fla. Apr. 24, 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Plaintiff's request for attorney's fees is composed of the following items:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| **Lauren Wassenberg** ("Ms. Wassenberg") | 36.3[2] | 350.00 | 12,705.00 |
| **Glenn Goldstein** ("Mr. Goldstein") | 13.2 | 350.00 | 4,620.00 |
| **Requested Total** | | | **$17,325.00** |

See Motion for Fees and Costs [D.E. 17 at 2]; Plaintiff's Reply [D.E. 21 at 12, Ex. A].

### A. *Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).

---

[2] Ms. Wassenberg requests 31.3 hours in the Motion for Fees and Costs [D.E. 17], plus 5 additional hours for preparing the Reply [D.E. 21].

"A court . . . 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Id. at 781 (quoting Norman, 836 F.2d at 1303). "Satisfactory evidence may also include citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." Dan Van Tran v. City of Miami, No. 05-21206-CIV, 2007 WL 9754448, at *4 (S.D. Fla. Mar. 8, 2007).

Here, Plaintiff's attorneys each seek fees based on an hourly rate of $350. Attorneys in Title III ADA cases have been awarded $250-$425 per hour in this district. See Access for the Disabled, Inc. v. Leder, No. 02-60311-CIV-MARRA, 2008 WL 11401745, at *3 (S.D. Fla. Sept. 26, 2008) (the court awarded the attorney $250.00 per hour in a Title III ADA case); Brother v. BFP Invs. Ltd., No. 03-60129-CIV-MARRA, 2010 WL 2978989, at *5 (S.D. Fla. July 26, 2010) (the court awarded the attorney with 24 years of experience $425.00 per hour in a Title III ADA case); Goodman v. Sperduti Enter. Inc., No. 08-62096-CIV, 2009 WL 3200681, at *4 (S.D. Fla. Oct. 6, 2009) (the court awarded the attorney $350.00 per hour in a Title III ADA case.).

Plaintiff's lead attorney, Ms. Wassenberg, has been admitted to the Florida Bar since 2007, has experience in criminal matters and civil rights litigation, and has participated in hundreds of cases involving Title III ADA litigation. See Motion for Fees and Costs [D.E. 17 at 4, Ex. A]. Ms. Wassenberg claims that she has been awarded $325 per hour in previous cases. See Pinero v. Opa Locka Service Station, LLC, No. 13-20811-CV-Lenard, Report and Recommendation [D.E. 28 at 4] (S.D. Fla. June 3, 2014); Pinero v. Urbieta Westar Holdings, Inc., No. 13-CV-21062-JLK, Report and Recommendation [D.E. 13 at 3] (S.D. Fla. April 15, 2014).

Plaintiff's co-counsel, Mr. Goldstein, does not claim to have specialized experience in ADA litigation, but he has been admitted to the Florida Bar since 2008, has experience in civil litigation, and was brought in for discovery matters after the parties initially failed to settle the case at mediation. Id. at 4-5.

Defendant argues that $300 would be a reasonable hourly rate for Ms. Wasserman; and that Mr. Goldstein's hourly rate should be reduced to $250 because Plaintiff failed to provide information regarding his experience or qualifications. See Response [D.E. 20 at 3].

Having considered the evidence submitted, and based on the undersigned's own experience with fee awards in this district, the undersigned finds that an hourly rate of $325 is reasonable for Ms. Wasserman given her extensive experience in litigating ADA cases; and that an hourly rate of $300 is reasonable for an attorney with Mr. Goldstein's civil litigation experience. See Norman, 836 F.2d at 1292 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value").

   B. *Hours Expended*

Having determined the reasonableness of the hourly rates, the Court must determine the reasonableness of the number of hours spent. Id. at 1302. "Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity." Parness, 2009 WL 1117362, at *2. "A fee applicant must set out the general subject matter of the time expended by the attorney 'with sufficient particularity so that the court can assess the time claimed for each activity.'" Diaz v. Solmar Rest., Inc., No. 08-21379-CIV, 2009 WL 10667781, at *4 (S.D. Fla. Aug. 7, 2009) (quoting Norman, 836 F.2d

6

at 1303). "Excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed." Eckerhart, 461 U.S. at 434.

Defendant challenges some of the hours claimed by Plaintiff's attorneys on several grounds. With regard to Ms. Wasserman, Defendant objects to entries captioned as "attorney client privilege, "correspondence attorney client privilege," correspondence work product privilege," and "word product privilege," which total 8.1 hours. Defendant argues these should be disallowed because neither Defendant nor the Court are able to discern what these entries are for. Defendant also objects to entries characterized as clerical work, namely, correspondence with process server and emails with court reporter, which total 1.8 hours. Defendants further objects to entries for work that was not done, was excessive, or was unnecessary, namely, reviewing co-counsel's Notice of Appearance, finalizing a deposition notice, drafting a Motion to Compel that was never filed, and emails to Defendant's counsel that were sent by and billed for by co-counsel, Mr. Goldstein, which total 1.6 hours. The foregoing time entries for Ms. Wasserman to which Defendant objects total 11.5 hours.

With regard to Mr. Goldstein, Defendant objects to entries for duplicative work, which total 5.2 hours. These include entries for preparing Plaintiff for deposition since Ms. Wasserman also bills for the same work, reviewing settlement discussions between Ms. Wasserman and Defendant, and all time entries after 7/30/19 because Mr. Goldstein did not do any substantive work after the case was settled and his time entries show that he was simply monitoring what was being done by Ms. Wasserman and Defendant. Defendant also objects to time entries for unnecessary work, which total 2.7 hours. These include entries for reviewing the Complaint, Answer and Affirmative Defenses, reviewing discovery, reviewing the draft Motion to Compel that was never filed, reviewing correspondences between Ms. Wasserman and Defendant, and

7

emails and meetings with Ms. Wasserman. Defendant argues that this was unnecessary "catching up" work in the case because Mr. Goldstein joined less than a month before the case settled. Defendant further objects to entries for clerical work, which total .5 hours. These consist of entries for preparing and filing Notice of Appearance and coordinating a deposition. The foregoing time entries for Mr. Goldstein to which Defendant objects total 8.4 hours.

Having reviewed the time entries submitted by Plaintiff's attorneys, the undersigned finds that Defendant's specific objections are well-taken. Norman, 836 F.2d at 1301 ("[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights[,]" and must use "billing judgement."); Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) ("Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

Therefore, the undersigned finds it appropriate to reduce Ms. Wasserman's hours by 11.5 hours, for an adjusted total of 24.8 hours; and Mr. Goldstein's hours by 8.4 hours, for an adjusted total of 4.8 hours. See Capdevila v. S. Miami Rehab., Inc., No. 11-24005-CIV, 2012 WL 13134212, at *2 (S.D. Fla. Dec. 5, 2012) (citing Norman, 836 F.2d at 1303) ("As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees.").

Accordingly, the undersigned recommends that Plaintiff be awarded the following adjusted attorney's fees:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| **Lauren Wassenberg** | 24.8 | 325.00 | 8,060.00 |
| **Glenn Goldstein** | 4.8 | 300.00 | 1,440.00 |
| **Total** | | | **$9,500.00** |

### *4. Taxable and Non-Taxable Costs.*

Plaintiff's request for costs is composed of the following items:

| | |
|---|---|
| Filing fee | $ 400.00 |
| Process server fee | $ 70.00 |
| Expert fee | $ 950.00 |
| TOTAL: | $ 1,420.00 |

Defendant does not object to the filing fee and process server fee; but does object to the expert fee on two bases: (1) that Plaintiff has not provided support as to the reasonableness of the fee and the qualifications of the expert; and (2) that the expert fee should be $700 based on a preliminary fee schedule. See Response [D.E. 20 at 10-11]. Plaintiff has submitted the curriculum vitae of his expert, Carlos M. Herrera, a civil engineer specializing in ADA services, as well as Mr. Herrera's itemized invoice for $950, which includes travel time, completing ADA inspections, and providing an ADA report. See Motion for Fees and Costs [D.E. 17, Ex. E]; Supplement to Reply [D.E. 22]. Based on this documentation, the undersigned finds that the expert fee of $950 is reasonable and recoverable. Therefore, the undersigned recommends that $470.00 be awarded in costs and $950.00 be awarded in expert fees.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees and Costs be GRANTED IN PART and Plaintiff be awarded the sum of **$10,920.00** as fees and costs in this action, consisting of $9,500.00 in attorney's fees, $470.00 in costs, and $950.00 in expert fees.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED at Miami, Florida, this 21st day of August, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


Copies furnished via CM/ECF to:

United States District Judge Jose E. Martinez
Counsel of Record